11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GERBER GARMENT TECHNOLOGY, INC., Plaintiff/Cross-Appellant,
v.
LECTRA SYSTEMS, INC. and Lectra Systemes, S.A., Defendants-Appellants.
 Nos. 93-1214, 93-1247.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1993.
 
 Before RICH and ARCHER, Circuit Judges, and LAY,* Senior Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Lectra Systems, Inc. and Lectra Systemes, S.A. (Lectra) appeal from the judgment of the United States District Court for the Northern District of Georgia awarding Gerber Garment Technology, Inc. (Gerber) damages for infringement of Gerber's U.S. Patent No. 3,955,458 ('458 patent) and denying Lectra's claim that Gerber's U.S. Patent No. 4,205,835 ('835 patent) is unenforceable. Gerber Garment Technology, Inc. v. Lectra Systems, Inc., No. 1:86-CV-2054 (N.D.Ga. Dec. 21, 1992). Gerber cross-appeals from the district court's denial of certain of its claims. We affirm.
 
 DISCUSSION
 
 2
 In its opinion adopting certain of the thorough and exhaustive recommendations of the special master, and rejecting others, the district court carefully considered all of the issues on appeal in this case. We are convinced that the district court correctly adopted the special master's findings and conclusions that Gerber's '458 patent was not invalid and was infringed by Lectra. We also see no error in the court's determination that Lectra did not prove its claim of inequitable conduct with respect to Gerber's '835 patent by clear and convincing evidence. The district court correctly recognized that the clear and convincing standard is an intermediate standard of proof between a preponderance of the evidence and proof beyond a reasonable doubt. Although Lectra argues that certain language in the district court opinion shows that it employed an erroneous standard of proof in rejecting the special master's recommended finding that the '835 patent was unenforceable due to inequitable conduct in its prosecution, it is clear that the district court applied the proper standard.
 
 
 3
 Lectra also argues that the special master's and district court's damage award based on lost profits due to Lectra's cutter sales was an improper measure of damages. We disagree. After considering the record evidence in this case, including evidence of product demand and a two supplier market, the special master concluded that Gerber had properly proved its entitlement to lost profits based on the Panduit criteria, Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152, 1156, 197 USPQ 726, 729-730 (6th Cir.1978). The district court adopted the special master's recommendations in this regard. Lectra's arguments as to error in this damage award are not persuasive.
 
 
 4
 As to Gerber's cross appeal, we discern no reversible error in the district court's and special master's infringement analysis in which Gerber's claim of infringement of its '835 patent was denied and Gerber's claim of infringement of the '458 patent by Lectra's modified cutting heads was similarly rejected. We have also considered Gerber's assertion that it is entitled to additional damages based on price erosion and its preinfringement prices and conclude that they are without merit on the record in this case. In calculating Gerber's lost profits, the special master recognized that damages based on lost profits may not be speculative. See Brooktree Corp. v. Advanced Micro Devices, 977 F.2d 1555, 1581, 24 USPQ2d 1401, 1419 (Fed.Cir.1992) ("[T]he amount of lost profits awarded must not be speculative"). We find no error in the special master's conclusion that an award of lost profits as calculated by Gerber would be speculative. Likewise, we find no clear error in the special master's selection, and the district court's adoption, of an appropriate discount rate. Gerber's claim to additional lost profits and a modified discount rate as set forth in its cross appeal are therefore denied.
 
 
 5
 Further discussion and analysis by this court would be essentially repetitious of the district court's extensive exposition of the facts and law (including the special master's findings of fact and recommended conclusions of law). Accordingly, we affirm on the basis of the district court's opinion in this case.
 
 
 
 *
 Hon. Donald P. Lay, U.S. Court of Appeals for the Eighth Circuit, sitting by designation